## 47226. KIRKLAND v. SEABOARD COAST LINE RAILROAD COMPANY.

QUILLIAN, Judge. This was a suit brought by William W. Kirkland against the defendant Seaboard Coast Line Railroad Company under and by virtue of the terms of the Federal Employers' Liability Act, to wit, 45 United States Code, §§ 51-60.

Plaintiff alleged that on or about October 6, 1969, he was an employee of the defendant serving as a flagman on defendant's train No. Extra 367 West; that his duties at the time required that he ride on the caboose of the train which contained seventy-nine cars and was being pulled by eight diesel locomotives; that after he had placed his waybills on a table near the head end of the caboose, plaintiff Kirkland had started towards the rear of the caboose with the idea of dismounting and closing a certain switch after the train had passed over same; that as he was moving towards the rear of the caboose, because of the defendant's negligence, he was thrown violently to the floor of the caboose, painfully and seriously injured.

The case proceeded to trial and upon motion a verdict was directed for the defendant. A motion for a new trial was filed which was overruled and an appeal was filed. *Held:*

1. The petition alleged that the defendant was negligent by and through its engineer who used the engine brake rather than the train brake in slowing up for a grade crossing, thus causing an unusual, unnecessary and extraordinary running slack which caused the caboose to crash violently into the car to which it was coupled.

However, there was no evidence which showed that the jerk, which was caused by running in of slack was extraordinary or unusual. *Gay v. Hurst,* 42 Ga. App. 148 (155 SE 346). Considering the evidence as a whole the plaintiff failed to prove that the defendant was negligent and the direction of the verdict was not error.

2. Enumerations of error numbers 5 and 7 complain that a witness for the plaintiff was not allowed to testify as an

expert witness as to different braking procedures. While the witness had worked for the railroad for many years he was not an engineer and did not testify as to any facts which would have qualified him as an expert in braking procedures. *American Fire &c. Co. v. Grizzle,* 108 Ga. App. 496 (133 SE2d 400). These enumerations of error are not meritorious.

3. The sixth enumeration of error argues that it was error to fail to allow a witness for the plaintiff to testify whether the slack action at the place where the plaintiff fell was moderate, severe or mild. The court sustained an objection that the question was leading. Whether the court's ruling was correct or not it was harmless because the plaintiff testified that the slack action at that point was mild, but sometimes severe.

4. The remaining enumerations of error are without merit.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*

ARGUED JUNE 5, 1972—DECIDED JULY 11, 1972—

REHEARING DENIED JULY 24, 1972—

*T. J. Lewis, Jr., Leonard O. Fletcher, Jr.,* for appellant.

*Cumming, Nixon, Yow, Waller & Capers, John D. Capers, Richard E. Allen,* for appellee.