## 27501. KIRKLAND v. SEABOARD COAST LINE RAILROAD COMPANY.

ARGUED DECEMBER 11, 1972—DECIDED FEBRUARY 8, 1973.

*T. J. Lewis, Jr., Leonard O. Fletcher, Jr.,* for appellant. *Cumming, Nixon, Yow, Waller & Capers, John D. Capers, Richard E. Allen,* for appellee.

MOBLEY, Chief Justice. This court granted certiorari to review the decision of the Court of Appeals in *Kirkland v. Seaboard C. L. R. Co.,* 126 Ga. App. 775 (191 SE2d 886).

William W. Kirkland brought an action under the Federal Employers' Liability Act, 45 USCA §§ 51-60, against Seaboard Coast Line Railroad Company to recover for injuries received in the course of his duties as an employee of the railroad. At the conclusion of the trial the motion for directed verdict of the railroad was granted by the trial judge. This judgment was affirmed by the Court of Appeals, which held that the evidence failed to prove that the railroad was negligent.

At the time of his injuries the employee was working as a flagman for the railroad. The train on which he was working had 8 diesel engines and was carrying 79 cars. He was walking to the rear of the caboose when the train stopped at a crossing with a jerk, which caused him to fall to the floor and injure his hand, breaking his thumb. He alleged negligence by the railroad (1) By its engineer using the engine brake rather than the train brake in slowing for a grade crossing, causing an unusual, unnecessary, and extraordinary "run-in of slack" which

caused the caboose to crash violently into the car to which it was coupled; (2) In failing to use reasonable care to furnish him a safe place to work; and (3) In failing to warn him that the engineer would use the engine brake instead of the train brake so that he could prepare for the unusual jolt.

Under the Federal law a railroad is liable in damages for injuries to its employees when such injuries result "in whole or in part" from the negligence of the railroad or its agents. 45 USCA § 51. The fact that the employee has been guilty of contributory negligence diminishes the damages, but does not bar a recovery. § 53. The employee is not held to assume the risks of his employment in any case where his injury results in whole or in part from the negligence of the railroad. § 54.

The Supreme Court of the United States has liberally construed the FELA law in favor of the employee. In Brown v. Western R. of Alabama, 338 U. S. 294, 298 (70 SC 105, 94 LE 100), it was held that it was error to dismiss a petition as not stating a cause of action since the allegations were sufficient to permit the introduction of evidence "from which a jury might infer that petitioner's injuries were due to the railroad's negligence in failing to supply a reasonably safe place to work."

In Bailey v. Central Vermont R. Co., 319 U. S. 350, 354 (63 SC 1062, 87 LE 1444), it was held that to deprive workers covered by the law of the benefit of a jury trial in close or doubtful cases "is to take away a goodly portion of the relief which Congress has afforded them."

In Rogers v. Missouri Pacific R. Co., 352 U. S. 500, 507 (77 SC 443, 1 LE2d 493) it was held: "The law was enacted because the Congress was dissatisfied with the common-law duty of the master to his servant. The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due

in whole or in part to the employer's negligence. The employer is stripped of his common-law defenses and for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. The burden of the employee is met, and the obligation of the employer to pay damages arises, when there is proof, even though entirely circumstantial, from which the jury may with reason make that inference."

Measured by the standard of interpretation given this Federal statute by the United States Supreme Court, the evidence in the present case was sufficient to authorize a submission to a jury of the question of the railroad's liability.

The employee testified that he had worked in the caboose many times, that he anticipated some amount of slack action at the crossing where the injury occurred; that the slack action of the train had jerked him many times, but he had never been thrown to the floor before; that the slack action was "very severe." He was asked if he could know in the caboose when the train was being slowed by the use of the engine brake as opposed to the automatic brake. He stated that when the automatic brake was used he could feel it in the caboose because the brake comes on every car, and that the automatic brake resulted in a smoother stop. On cross examination he admitted that he did not know of his own knowledge that the engine brake was used, but stated: "If he didn't use the engine brake he hit a stone wall cause it really came in."

A jury could infer from this evidence that the engineer used the engine brake rather than the automatic brake. The employee's testimony was sufficient to show that the jerk was unusual, and one that he would not reasonably have anticipated.

Even though the employee may have negligently failed

to obey the safety rules in walking through the caboose without holding, when he knew that the train would be halted at a crossing, his negligence could only be considered in diminishing his damages. Such negligence would not authorize the direction of a verdict in favor of the railroad where there was any evidence from which a jury could infer negligence on the part of the agent of the railroad.

The trial judge erred in directing a verdict in favor of the railroad, and the Court of Appeals erred in affirming that judgment.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

JORDAN, Justice, dissenting. I dissent for the sole reason that in my opinion this court improvidently granted certiorari. The sole question involved is whether or not the plaintiff's evidence showed any negligence on the part of the defendant railroad. In the opinion of the trial court the evidence failed in this respect and a verdict was directed for the defendant. On appeal the Court of Appeals reviewed the evidence and reached the same conclusion, thereby affirming the trial court. On application for certiorari this Court agreed and certiorari was denied. Upon motion for reconsideration this Court then granted certiorari, and we now reverse the Court of Appeals and the trial court. We are therefore merely substituting our opinion for theirs as to the sufficiency of the evidence to meet the requirements of applicable law.

In my opinion this not a proper application of our rules with regard to certiorari and I therefore respectfully dissent.