40397. AMERICAN FIRE & CASUALTY COMPANY v. GRIZZLE.

DECIDED OCTOBER 16, 1963.

*Henson, Greene & Greene, William B. Greene, Smith, Field, Ringel, Martin & Carr, H. A. Stephens, Jr.,* for plaintiff in error. *Al D. Tull,* contra.

NICHOLS, Presiding Judge. ■ Special grounds numbered 4 and 5 of the plaintiff's amended motion for new trial assign error on the failure of the trial court to instruct the jury, without request, on the principle of caveat emptor and upon the principle that one who purchases personalty from one who is not the true owner acquires no title to same as against the true owner.

"It is the duty of the court to give in charge to the jury the law applicable to the issues made by the pleadings and the evidence, and a failure to do so, when injurious and harmful to the losing party, is reversible error. *Aubrey v. Johnson,* 45 Ga. App. 663 (2 b, c) (165 SE 846); *Pryor v. Coggin,* 17 Ga. 444." *Camilla Cotton Oil Co. v. Crawley,* 52 Ga. App. 268, 271 (183 SE 134). There was evidence which would have authorized the charge and under the pleadings the question of title was involved. Accordingly, even without request, the instructions which the plaintiff sets forth in special grounds 4 and 5 should have been given, and the failure to so charge requires that the judgment overruling the plaintiff's motion for new trial be reversed.

■ Special ground 6 complains that the trial court erred in excluding evidence offered to show that the "plate" showing an identification number of the automobile and located on the door of the automobile had been placed there after it was delivered rather than having been on the automobile originally. The

testimony sought to be elicited was opinion testimony of a used car dealer. The evidence of the witness showed that he had been engaged in such business for approximately two and a half years, but it was not shown that the witness was an expert in the manufacture of automobiles or that he had expert knowledge of the manner in which "plates" were attached to doors of such automobiles at the time of their original delivery, or was otherwise such an expert that he would know if a change had been made. "Whether a witness has such learning and experience in a particular art, science, or profession as to entitle him to be designated as an expert, or to be deemed prima facie an expert, is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless it is manifestly abused. See *Clary v. State,* 8 Ga. App. 92 (2) (68 SE 615); *Whatley v. Henry,* 65 Ga. App. 668, 681 (16 SE2d 214); *Hinesley v. Anderson,* 75 Ga. App. 394, 398 (43 SE2d 736), and citations." *Carroll v. Hayes,* 98 Ga. App. 450, 452 (105 SE2d 755). The trial court did not abuse its discretion in refusing such opinion testimony, nor were the facts testified to by this witness sufficient to show that the "plate" had been changed at a time after the date the automobile sought to be recovered by the plaintiff was allegedly stolen.

■ In as much as the case must be again tried and the evidence may not be the same on such trial the usual general grounds of the motion for new trial will not be passed upon except to state that the verdict for the defendant was not demanded as a matter of law.

*Judgment reversed. Frankum and Jordan, JJ., concur.*