43372. HOWARD v. STATE HIGHWAY DEPARTMENT.

Argued January 15, 1968—Decided February 21, 1968.

Culpepper & Culpepper, George B. Culpepper, Jr., Sampson M. Culpepper, for appellant.

Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Robert E. Lanyon, Deputy Assistant Attorney General, for appellee.

JORDAN, Presiding Judge. 1. In his first enumerated error the condemnee asserts that the court "erred in admitting testimony of Rodney Tarrer as to the correctness of a certain map over appropriate objection by counsel." Counsel's brief is correlated to the motion for new trial, and the first ground of the amended motion is argued on the basis of the testimony in relation to a "cover sheet" and the second is argued on the basis of the testimony in relation to "another map."

The trial court admitted the first map for the limited purpose of showing the location of Highway I-75 in Peach County, a fact not in dispute, and there is nothing in the testimony which enlarges upon this fact so as to mislead the jury.

The other map is identified as an aerial photograph or a map prepared from one, but it is not clear whether the objection during trial was directed to the document, or to the testimony concerning the document. Counsel argues in his brief on the basis that neither the map nor the testimony showed all of the property and "that the jury had no way of telling from the map or the testimony about the damages and the consequen-

tial damages because the map and testimony only indicated where the highway was" and that this evidence "raised false ideas in the minds of the jury as to the amount of acreage involved and the amount of consequential damages." The witness testified that the document did not show all of the property, and no dispute exists as to "where the highway was" or the "amount of acreage." Nothing appears to indicate that the testimony or the document could have in any way confused the jury.

Accordingly, irrespective of whether this enumerated error relates to the testimony about the "cover sheet" or "another map" and also regardless of whether the testimony identifying either document is hearsay or otherwise inadmissible, or even if the maps are not entirely accurate, there is no showing of harmful error.

2. The second, third, and fourth enumerations are directed to alleged errors in admitting the testimony of William S. Evans. It is contended that his testimony is not admissible because the witness did not qualify as an appraiser, because he admittedly appraised the property in 1964 for a taking made in 1961, and because he was not qualified to testify as to the valuation or condition of the property in 1961 for lack of knowledge.

The witness testified as to extensive training and experience in real estate appraisal, including numerous real estate appraisals along the route of I-75 for oil companies and others. Whether a witness has such learning or experience in a particular art, science, or profession to be treated as an expert, or to be deemed prima facie an expert, is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless manifestly abused. *American Fire &c. Co. v. Grizzle*, 108 Ga. App. 496, 498 (133 SE2d 400).

This court is unaware of any requirement which would preclude an appraiser, who is allowed to testify as an expert, from giving his opinion of the value of land or damage thereto as of the date of taking, merely because he did not view the property or make an appraisal for such purpose until much later. See *State Hwy. Dept. v. Martin*, 114 Ga. App. 342 (151 SE2d 552); *Moore v. State Hwy. Dept.*, 117 Ga. App. 15.

Evidence of value is also not inadmissible merely because the valuation as fixed by the witness as a matter of opinion may depend on hearsay, and not on the direct knowledge of the witness. *Landrum v. Swann*, 8 Ga. App. 209 (1) (68 SE 862); *Gulf Refining Co. v. Smith*, 164 Ga. 811 (4) (139 SE 716). Objections which point up the lack of actual knowledge of facts on which an opinion of value is based merely go to the weight of the evidence, a jury question, and do not reach its admissibility. See *Gulf Refining Co. v. Smith*, supra.

No harmful error is shown by these enumerations.

3. The fifth enumeration is based on an objection to the testimony of J. W. Poole because, in response to the question, "I'm talking about '61, you don't know a thing about it?" he replied, "No, sir, I don't." Notwithstanding this reply the witness also testified that he viewed the property in 1963, but appraised as of the date of taking in 1961, was familiar with the property in 1961 and with farm property values in 1961 in Peach County. He also testified as to extensive experience in appraisal. Under these circumstances his statement that he knew nothing about the property in 1961 is a matter which may have affected the weight of his testimony, but not its admissibility. See *Central Ga. Power Co. v. Stone*, 139 Ga. 416 (3, 4) (77 SE 565) and the discussion in the preceding division of this opinion.

Neither case cited by counsel is authority to the contrary. The testimony in *Selma, R. & D. R. Co. v. Keith*, 53 Ga. 178, was entirely speculative, and in *Central Ga. Power Co. v. Cornwell*, 139 Ga. 1, 5 (76 SE 387, AC 1914A 880), the court held the testimony to be admissible, and in so doing summarized the rule as follows: "The witness whose evidence was objected to having testified as to more or less knowledge of the land in controversy and its value, and the market value of other lands in the vicinity of that in controversy, the court did not abuse his discretion in allowing the testimony to go to the jury, to be given such weight as they saw fit."

No harmful error appears from this enumeration.

4. The sixth through tenth enumerations are not supported in the brief by the argument or citation of authority and are deemed to be abandoned. Rule 17 (c) (2), this court.

5. The remaining enumerations are the same as the general grounds of a motion for new trial, and the only argument presented is "that the verdict was contrary to the evidence and should have been for a much greater amount. We further insist that the amount arrived at by the jury was grossly inadequate and was decidedly and strongly against the weight of evidence and that the amount rendered was grossly inadequate and was contrary to law and the principles of justice and equity."

The award of $12,000 was well within the range of the evidence, and considerably in excess of the lowest valuations for the value of the property taken and consequential damage to the remainder, even though no amount is specified for the value of the easements, a matter apparently of small import as to which no issue is made.

Accordingly, the verdict cannot be regarded as grossly inadequate as a matter of law and no harmful error appearing from the record for any reason as argued and insisted upon before this court, the judgment must stand.

*Judgment affirmed. Pannell and Deen, JJ., concur.*