48681. OAK RIDGE VILLAGE, INC. v. LA SIESTA MOBILE HOME PARK, INC.

CLARK, Judge. This is an appeal by defendant after a verdict and judgment thereon awarding plaintiff monetary damages for trespass to realty. The trespass was an alteration of the natural flow of the surface water and diversion of the natural flow of a stream causing it to overflow on plaintiff's land. This occurred during the performance by the defendant of grading and construction operations uphill of and off to one side of the plaintiff.

The two enumerations of error deal with the admissibility of evidence by two witnesses who were presented by the plaintiff

as experts.

1. The first assignment of error argues that the court erred in allowing a civil engineer, Joe Bork, to testify as to the before and after market value of the land which was allegedly damaged by defendant's trespass on the ground that he was not properly qualified as an expert on the value of land and on the ground that he was not familiar with the property before the alleged trespass.

"Whether a witness has such learning or experience in a particular art, science, or profession to be treated as an expert, or to be deemed prima facie an expert, is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless manifestly abused. *American Fire &c. Co. v. Grizzle*, 108 Ga. App. 496, 498 (133 SE2d 400)." *Howard v. State Hwy. Dept.*, 117 Ga. App. 280, 282 (160 SE2d 204). In applying this principle to Bork's testimony we find the trial court did not abuse its discretion. As a civil engineer of fifteen years experience (T. 5) he had been involved in development projects in Cobb County. Part of this involvement included the approval of appraisals on property in the county so that he could arrive at less costly schemes of construction. (T. 40). He had frequently made estimates of value of property to determine the best way to proceed on a construction project. (T. 41). He also testified that he was generally familiar with property values in Cobb County due to his many contacts in the engineering field. (T. 39). In view of the witness' professional familiarity with the market value of land within the vicinity of the property in question, we hold that he was properly qualified as an expert and that the admission of his testimony as to the market value of that land was not error.

2. We next consider the second aspect of appellant's first enumeration of error, whether a witness may testify as to the market value of land before a trespass having first seen the land after the trespass. In support of its contention that a witness may not testify as to the value of property before it is injured unless he is familiar with the property at that time, appellant relies on *Georgia Power Co. v. Livingston,* 103 Ga. App. 512 (119 SE2d 802), wherein this court said that a witness is not qualified to give his opinion as to the value of a house in which he had never been. This case is easily distinguished from the case sub judice, however, since Bork had in fact viewed the land in question, although, admittedly, after the trespass.

*State Hwy. Dept. v. Peters,* 121 Ga. App. 167 (173 SE2d 253) provides

guidance on this question. There, the lower court refused to allow a real estate appraiser to give his opinion as to the value of land condemned in July, 1965, although he did not inspect the property until three years later. In reversing the decision of the trial court, this court then said that "[A]n expert appraiser is not precluded from testifying as to the value of land or damage thereto on a specified date merely because he did not view the property or make an appraisal until much later." The lower court did not err, therefore, in permitting the testimony as to the prior value of the land.

3. The other enumeration contends the court erred in allowing Vickery, an electrical, plumbing, heating and air-conditioning contractor to testify about the flow of water in that such testimony was not within his field of expertise and in further allowing him to testify about the value of land in that he was not properly qualified as an expert. In view of the testimony of the witness, that he developed, owned and operated a mobile home park for five years (T. 74), that he had bought and sold real estate in Cobb County and was familiar with real estate and mobile home property values in that area (T. 74, 75), and that he had considerable practical experience with drainage and soil pipe (T. 81, 82), we find that the court did not err in allowing this witness to testify as an expert. Even if Vickery's testimony be considered that of a nonexpert witness it would be admissible in that he pointed out the facts on which his opinion was based. See Code § 38-1708 wherein it is stated that "any witness may swear to his opinion or belief, giving his reasons therefor," and *State Hwy. Dept. v. Raines,* 129 Ga. App. 123 (199 SE2d 96) for a recent application of this section. Thus, when asked the value of plaintiff's property before the trespass, Vickery based his estimate on "what we developed ourselves back then." (T. 85). And when asked his opinion as to the effect of the adjacent construction on plaintiff's property, the witness answered, "any time you build [a] two or three foot wall and get water running against it, it is going to run somewhere else." (T. 83). Finally, in response to a question as to the construction of a catch basin, the witness said that the water "showed evidence of crossing the road and that would state to me the catch basin was not big enough to carry the amount of water that was accumulated at this point." (T. 80). There was no error. Accordingly, the judgment is affirmed.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED OCTOBER 4, 1973 — DECIDED JANUARY 7, 1974.

*Downey & Cleveland, Lynn A. Downey, John Moore,* for appellant.

*Fred D. Bentley, Sr.,* for appellee.