## 49546. WARD v. HANDLEY.

SUBMITTED JULY 9, 1974 — DECIDED JULY 15, 1974.

*Johnson & Beckham, E. Carl Prince, Jr.,* for appellant.

*Hollis B. Johnson,* for appellee.

WEBB, Judge.

1. The sole enumeration of error is that the trial court erred in excluding the expert opinion testimony of appellant's witness as to value on the date of trespass. Exclusion was on the basis that the witness had not seen the property immediately prior to the trespass. There is no rule precluding such testimony merely because the expert witness did not review the property immediately prior to the date as of which he sets a value, and exclusion of such testimony was erroneous. *Howard v. State Highway Dept.,* 117 Ga. App. 280, 282 (160 SE2d 204); *State Highway Dept. v. Peters,* 121 Ga. App. 167, 169 (173 SE2d 253); *Oak Ridge Village, Inc. v. La Siesta Mobile Home Park, Inc.,* 130 Ga. App. 539 (203 SE2d 748).

Subsequent to the initial exclusion of such expert testimony, however, the same testimony as to value by the same witness was admitted and was before the jury. Thus the error of the previous exclusion was sufficiently

remedied and made harmless. *Paulk v. Thomas,* 115 Ga. App. 436 (154 SE2d 872); *Eiberger v. Martel Electronic Sales, Inc.,* 125 Ga. App. 253, 256 (187 SE2d 327).

2. Moreover, the issue of ownership was basic to the case sub judice, each party claiming title under deeds from a common grantor. Before appellant could recover damages for a trespass, it was incumbent upon him to establish the superior title and right of possession. The jury resolved this question in appellee's favor and found that he was not liable for trespass; and under repeated rulings of this court, any error in excluding evidence as to damages affords no basis for reversal where the jury finds for defendant on the issue of liability. *Maloy v. Dixon,* 127 Ga. App. 151, 156 (footnote 2) (193 SE2d 19).

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*