## 54241. NEWMAN v. TRAVELERS INSURANCE COMPANY.

BELL, Chief Judge.

This is a suit to recover under a casualty insurance policy for damages to the roof of plaintiff's house. The case was tried by the court and a judgment was entered for defendant.

Plaintiff testified that during a severe ice storm in January 1973, a tree fell on and damaged about one-third of the garage roof, with several tree branches falling on the main roof over the dining room area of plaintiff's home; that prior to this storm he had noticed no evidence that the roof of the house leaked. Plaintiff had the debris removed and had a roofer repair the garage roof. A claim for those

repairs was settled by defendant. About April 1973, following a hard rain, spots and leaking were noticed in the ceiling of the house, which were reported to defendant's agent and the claim was denied as not being incident to the storm damage. After another witness testified for plaintiff concerning the replacement cost of the roof, plaintiff called a Mr. Wilkinson as a witness. After the court learned that this witness examined the roof the Friday prior to trial (February 3, 1977) the court refused to hear this witness holding that his testimony was too remote. Plaintiff advised the court that his testimony would be ". . . on the correctness of the installation of the roof and the workmanship that was done in installing the roof. The defendant's defense is that the roof was improperly installed." Subsequently plaintiff renewed his attempt to call Mr. Wilkinson and stated his purpose to be: "(1) To establish that the construction work on the roof was in good workman order, the materials were in good workman order, that the construction work was proper, and (2) also to establish the cost of replacing the damages." Again the court refused the proffer as being too remote. *Held:*

The trial court erred in not permitting this witness to testify. Plaintiff's counsel made known to the court the substance of witness' testimony and it appears to be relevant to inquiry as to whether the roof was damaged by the falling tree as urged by plaintiff and to show that the roof had not been defectively constructed in the first instance and on the issue of damages. The fact that the inspection was performed 4 years after the storm would only go to its weight but not to its admissibility. *Howard v. State Hwy. Dept.*, 117 Ga. App. 280 (160 SE2d 204). Defendant argues that error was harmless as the evidence demands a finding for defendant. CPA § 61 (Code Ann. § 81A-161). To the contrary the evidence, while it would authorize a finding for defendant, does not demand it. Exclusion of this evidence was harmful as this error affected the substantial right of plaintiff to establish his case with apparent competent and relevant evidence. CPA § 61, supra.

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED JUNE 28, 1977 — DECIDED OCTOBER 13, 1977 —
REHEARING DENIED NOVEMBER 7, 1977 —

*Arthur P. Tranakos,* for appellant.
*Freeman & Hawkins, William Q. Bird,* for appellee.