45669. LEE v. THE STATE.
(371 SE2d 389)

HUNT, Justice.

Roy Lee was convicted by a jury of the murder and armed robbery of Spec Prather.[1] He was sentenced to a life term for each offense. He appeals, questioning the sufficiency of the evidence, the trial court's denial of his motion under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), the trial court's failure to give curative instructions or grant a mistrial for juror misconduct, the trial court's denial of his challenges to the array of the grand and traverse juries, and the trial court's denial of his motions to suppress certain evidence.

The evidence at trial showed that the victim, who operated a

---

[1] The crime was committed on August 5, 1986. The defendant was indicted on March 9, 1987 and tried on July 20 through 24, 1987. The state sought the death penalty but the jury recommended a sentence of life imprisonment on the murder charge. The defendant was sentenced on August 11, 1987. His motion for new trial, filed October 6, 1987, was denied on January 27, 1988. He filed his notice of appeal on February 18, 1988. The appeal was docketed in this court on April 1, 1988 and submitted for decision without oral argument on May 13, 1988.

wrecker service for H & W Motors in Monroe, Georgia, received a call concerning a disabled car in a trailer park. The victim, driving a wrecker, picked up the defendant and his brother, Jesse Lee,[2] who were waiting several blocks from the shop, and left in the direction of the trailer park. When the victim failed to return, Walton County authorities conducted a search and located the victim's body inside the wrecker near the trailer park. The victim had been shot in the head and his wallet was missing.

The day after the murder, Jesse Lee told the police where the victim's wallet and papers had been thrown and those items were recovered. The police arrested the defendant who was hiding in his girl friend's apartment and recovered a pair of his tennis shoes, the treads of which matched one of the sets of footprints at the crime scene. The police also recovered the defendant's wallet containing $125 and a .22 caliber pistol. The state crime lab firearms examiner testified that the bullet which killed the victim could have been fired from the defendant's pistol and that one chamber of the defendant's weapon had been fired recently. A witness testified that she saw the defendant and his brother walking from the vicinity where the victim's wallet and papers were found. Another witness testified that the month before the murder, he went with the defendant and two other men when one of the men paid the victim money he owed. The defendant commented on the large amount of money the victim was carrying at that time. There was also testimony that on the morning of the murder the defendant had asked two men to come with him if they wanted some money, but the men refused. Jesse Lee testified at trial that the defendant shot the victim and that it was the defendant's idea to rob and murder the victim.

1. We have reviewed the evidence in the light most favorable to the jury's determination, and we conclude that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends the state's use of peremptory challenges was discriminatory in violation of the Fourteenth Amendment. *Batson v. Kentucky,* supra. The empaneled jury consisted of eight whites and four blacks and two alternate jurors who were white. The state used three of its peremptory challenges to strike prospective jurors who were black and one peremptory challenge to strike a prospective alternate juror who was black. Pretermitting whether the defendant made a prima facie showing of discrimination, see *Williams v. State,* 258 Ga. 80, 81 (3) (365 SE2d 408) (1988) and *Aldridge v.*

---

[2] Jesse Lee's conviction for murder and armed robbery, and his death sentence, were affirmed by this court in *Lee v. State,* 258 Ga. 82 (365 SE2d 99) (1988).

*State*, 258 Ga. 75, 76 (4) (365 SE2d 111) (1988), the record amply supports the trial court's finding that the prosecutor used peremptory challenges to remove those jurors for legitimate, racially-neutral reasons. *Henderson v. State*, 257 Ga. 434, 436 (3) (360 SE2d 263) (1987).

3. We find no merit to defendant's third enumeration regarding alleged juror misconduct. Even assuming there was any deliberation by the jury before the court's charge, as alleged by the defendant (on the defendant's motion for mistrial, he testified that while in a holding room next to the jury room, he overheard a juror state, "It was Roy Lee's gun"), the trial court did not abuse its discretion in denying defendant's motion for mistrial, the curative instructions were adequate, and there was no requirement that the trial court poll each juror individually.

4. In the defendant's fourth enumeration of error, he alleges the trial court improperly denied his challenge to the Walton County grand jury (where he was indicted) and the Newton County traverse jury (where he was tried). The assertion that persons aged 19 to 29 were significantly underrepresented affords no basis for the challenge. *Lee v. State*, supra at 83 (2). Defendant's remaining arguments contained in this enumeration have no merit.

5. The defendant contends his warrantless arrest was unlawful and that evidence obtained as a result of the arrest should have been suppressed. The police officers had ample evidence to arrest the defendant without a warrant. At the time of the defendant's arrest, the day after the murder, Jesse Lee had implicated the defendant in the crime, and the authorities had found the victim's papers and wallet where Jesse Lee had said they would be. Jesse Lee told the authorities the defendant still had the murder weapon. Under this evidence, the defendant's arrest was proper and he was not entitled to a suppression of the evidence obtained at the time. *Durden v. State*, 250 Ga. 325, 326 (1) (297 SE2d 237) (1982).

6. In his sixth enumeration, the defendant claims his statements were obtained involuntarily and in violation of his *Miranda* rights. On appeal, a trial court's findings as to factual determinations and credibility relating to the admissibility of a statement will be upheld unless clearly erroneous. *Mullinax v. State*, 255 Ga. 442, 444 (2) (339 SE2d 704) (1986). There was ample evidence to support the trial court's finding that the statements were made freely and voluntarily after the defendant had been fully advised of his *Miranda* rights and that the defendant had not attempted to invoke his right to counsel before giving the statements. We find no merit to this enumeration.

*Judgment affirmed. All the Justices concur.*

484

Decided September 7, 1988.

*W. D. Ballard, Billy J. Waters, Michael D. Hill,* for appellant.

*John M. Ott, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.