## A89A1013. HUNTER v. THE STATE.
(385 SE2d 764)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of armed robbery and aggravated assault. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Appellant enumerates the general grounds.

Because the victim had not seen her assailant and the knife found at the scene of the crime could not be identified as belonging to appellant, the contention is that the evidence is insufficient to convict. Whether the evidence presented at trial excluded every *reasonable* hypothesis save that of appellant's guilt was a question for the jury. See generally *Moore v. State*, 189 Ga. App. 810 (377 SE2d 897) (1989). The jury was authorized to find that appellant was the only person who could have committed the crimes. We find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt of aggravated assault and armed robbery. *Jackson v. Virginia*, 443 U. S. 307

(99 SC 2781, 61 LE2d 560) (1979).

2. The trial court determined a registered nurse to be qualified as an expert witness in the field of anatomy. This ruling is enumerated as error.

"[T]he law in Georgia does not require that only medical doctors be permitted to give testimony regarding a medical issue, but allows others with certain training and experience to testify on issues within the scope of their expertise. . . . [A] licensed registered nurse is qualified to testify as an expert witness within the areas of her expertise. [Cit.]" *Hyde v. State*, 189 Ga. App. 727, 728 (377 SE2d 187) (1988). Whether a person possesses the " 'qualification as an expert witness rests entirely in the sound discretion of the judge . . . The decision of the judge will not usually be overturned' unless the witness actually lacks appropriate credentials or the judge has applied the wrong criteria." *Hyde v. State,* supra at 729. There was no abuse of the trial court's discretion in the present case.

3. There was no inconsistency between the victim's trial testimony and the pre-trial statement that she had made. The record shows only that the victim's trial testimony included facts which were not contained in her pre-trial statement. "This addition does not . . . create an inconsistency in her testimony." See *Baxter v. State*, 254 Ga. 538, 541 (3b) (331 SE2d 561) (1985). Accordingly, the trial court's failure to provide appellant with a copy of the victim's pre-trial statement was not violative of *Brady v. Maryland,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). See *Baxter v. State,* supra at 541 (3b).

4. The trial court's admission into evidence at the sentencing hearing of appellant's prior convictions is enumerated as error. Appellant argues that he was not given timely notice of the State's intent to introduce those convictions.

OCGA § 17-10-2 (a) provides, in relevant part, that "only such evidence in aggravation [of punishment] as the State has made known to the defendant prior to his trial shall be admissible." The trial court heard the conflicting recollections of the attorneys and concluded that timely notice of the State's intent to introduce appellant's prior convictions as evidence in aggravation was given. This factual finding is supported by the record, is not clearly erroneous, and will not be disturbed by the appellate courts. See *Lee v. State,* 258 Ga. 481, 483 (6) (371 SE2d 389) (1988).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 5, 1989.

*Lennie W. Jones*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, J.*

*Michael McDaniel, Assistant District Attorneys*, for appellee.