A90A1204. GOODMAN et al. v. LIPMAN et al.
(399 SE2d 255)

McMurray, Presiding Judge.

Bernard Goodman and Lillian Goodman filed the action in the case sub judice against Bernard S. Lipman, M.D., a cardiologist, and his professional corporation, Atlanta Cardiologists & Internists, P.C., and numerous other defendants. We are concerned only with the Goodmans' medical malpractice action against Dr. Lipman wherein it was alleged that Dr. Lipman failed to exercise the requisite degree of skill and care in treating Bernard Goodman's chronic heart disease. More specifically, the Goodmans alleged that Bernard Goodman suffered a stroke in April of 1983 after Dr. Lipman improperly regulated medications ("Coumadin" and "Nembutal") which affected the coagulatory properties of Mr. Goodman's blood.

The Goodmans named Richard L. Ruffalo, M.D., as an expert witness. Dr. Lipman moved to exclude Dr. Ruffalo, arguing that Dr. Ruffalo is unqualified because he was not a licenced physician at the time of the alleged malpractice. In opposition, the Goodmans submitted Dr. Ruffalo's affidavit and his deposition. The trial court granted this motion, finding "as a matter of law, that Dr. Richard Ruffalo is not competent to testify as an expert witness in this case based upon the facts [sic] that he had not [entered] medical school at the time of the alleged incident and that he did not become licensed until some five years after the alleged malpractice." The trial court granted a certificate of immediate review and we granted an appeal. *Held*:

1. First, the Goodmans contend "[t]he trial court has erred as a matter of law in entering an Order which holds that due to the fact [that Dr. Ruffalo] was not a licensed physician at the time of the alleged acts of malpractice, [he] is not competent to testify as an expert witness upon the trial of this case."

" 'Whether a witness has such learning or experience in a particular art, science, or profession to be treated as an expert, or to be deemed prima facie an expert, is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless manifestly abused. *American Fire &c. Co. v. Grizzle*, 108 Ga. App. 496, 498 (133 SE2d 400).' *Howard v. State Hwy. Dept.*, 117 Ga. App. 280, 282 (160 SE2d 204)." *Oak Ridge Village v. La Siesta Mobile Home Park*, 130 Ga. App. 539, 540 (1) (203 SE2d 748). In the case sub judice, the trial court did not exercise discretion in determining whether Dr. Ruffalo was qualified as an expert witness, it ex-

cluded Dr. Ruffalo's testimony because he was not a physician at the time of the alleged malpractice.

No Georgia case has been cited by the parties or found by the court which provides that a medical expert must be a physician at the time of the alleged malpractice. However, Dr. Lipman argues that Dr. Ruffalo is unqualified to testify as to the applicable standard of care required of physicians at the time of the alleged malpractice because Dr. Ruffalo was not then a physician. This argument is without merit.

Simply because a physician was not licenced to practice medicine at the time of an alleged incident of malpractice does not mean that the physician cannot become familiar with the applicable standard of care practiced in the medical community at the time of the alleged malpractice. "A rule which would require an expert witness to have been an expert at the time of the questioned event would prevent proof based upon knowledge of historical events. Application of standards to conduct which predates the oldest living expert would be excluded by such a ruling. . . ." *Grindstaff v. Coleman*, 681 F2d 740, 743 (1982).

In the case sub judice, Dr. Ruffalo deposed that he is familiar with the requisite standard of care prevailing at the time of the alleged malpractice and his affidavit and deposition testimony support this statement. Consequently, the trial court erred in excluding Dr. Ruffalo's testimony based solely on the ground that he was not a physician at the time of the alleged malpractice. The trial court must examine the evidence relevant to Dr. Ruffalo's knowledge and expert qualifications and determine whether Dr. Ruffalo possesses the requisite knowledge, skill and training to qualify him as an expert witness. Accordingly, the case is remanded and the trial court is directed to exercise its discretion before determining whether Dr. Ruffalo is qualified to testify as an expert witness. See *Forbro Design Corp. v. Raytheon Co.*, 532 F2d 758, 762 (1976).

2. Next, the Goodmans contend "[t]he trial court has erred . . . in that it has applied an incorrect 'standard' with regard to the knowledge which must be possessed by a physician in order to render him competent to testify upon the trial of a case."

In its order disqualifying Dr. Ruffalo as an expert witness the trial court stated: "Furthermore, the proper standard is one of 'knowledge,' not 'familiarity.' The Court must find that the proffered expert has knowledge of the prevailing standard of care based upon his experience, training and education." Apparently, this holding was in response to Dr. Ruffalo's affidavit statement that he is "familiar with the standards of care, skill, diligence and treatment which were possessed, practiced and employed by the medical profession generally during April of 1983. . . ."

Conclusory statements as to a witness' "knowledge" or "familiar-

ity" in a particular art, skill or science are not probative in determining the witness' qualifications as an expert witness. Such determination must be based on evidence of the witness' education, training or experience in the pertinent field of study. See *Bethea v. Smith*, 176 Ga. App. 467, 468 (2), 469 (336 SE2d 295). Consequently, the degree of Dr. Ruffalo's "familiarity" or "knowledge" of the pertinent standard of care must be drawn from evidence of his education, training or experience, not from the witness' conclusory statement that he is "familiar" with the requisite standards of care prevailing at the time of the alleged malpractice.

3. In a third enumeration, the Goodmans contend the trial court erred in excluding the testimony of William T. Sawyer, "an expert in the field of Pharmacology, . . . competent to testify with regard to the pharmacokinetics and pharmacodynamics of the drug, Coumadin."

The Goodmans named William T. Sawyer as an expert witness. However, Dr. Lipman moved to exclude this testimony, arguing that Mr. Sawyer is a pharmacologist and is therefore not qualified to express an "opinion with regard to both the standard of care in anticoagulant therapy as to causation of [Mr. Goodman's] injuries." The trial court agreed and ordered "that Pharmacologist William S. Sawyer, M.S. . . . not be permitted to testify at the trial of this medical negligence action."

" '(T)he law in Georgia does not require that only medical doctors be permitted to give testimony regarding a medical issue, but allows others with certain training and experience to testify on issues within the scope of their expertise. [For example, a] licensed registered nurse is qualified to testify as an expert witness within the areas of her expertise. (Cit.)' *Hyde v. State*, 189 Ga. App. 727, 728 (377 SE2d 187) (1988). Whether a person possesses the ' "qualification as an expert witness rests entirely in the sound discretion of the judge . . . The decision of the judge will not usually be overturned" unless the witness actually lacks appropriate credentials or the judge has applied the wrong criteria.' *Hyde v. State*, supra at 729." *Hunter v. State*, 192 Ga. App. 675, 676 (2) (385 SE2d 764).

In the case sub judice, the Goodmans do not argue that the trial court abused its discretion in excluding Mr. Sawyer's testimony with regard to the standard of care required of Dr. Lipman in treating Mr. Goodman. They argue that the trial court erred in excluding Mr. Sawyer as an expert "with regard to the pharmacokinetics and pharmacodynamics of the drug, Coumadin."

"The opinions of experts on any question of science, skill, trade, or like questions shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." OCGA § 24-9-67. See Green, Ga. Law of Evidence (3d ed.), § 111, p. 211. The record in

the case sub judice demonstrates that expert testimony regarding the properties of "Coumadin," "Nembutal" and other drugs may well be relevant to issues before the trier of fact. Consequently, the trial court erred in totally excluding Mr. Sawyer as a witness.

*Judgment reversed and case remanded with direction. Carley, C. J., concurs. Sognier, J., concurs specially.*

SOGNIER, Judge, concurring specially.

I concur fully in the majority opinion. I write only to caution that in allowing a non-medical doctor to testify in a medical malpractice case as to matters within the expert's own field of expertise, we are not sanctioning that expert's testimony about other matters. Care must be taken when such a non-medical expert testifies to assure that the witness remains solidly within his sphere of expertise, and that no inferences are drawn or implications expressed regarding the standard of care or degree of skill of the defendant, which is not within such a witness' knowledge.

DECIDED NOVEMBER 19, 1990.

*Robert D. Brooks, Robert C. Glustrom,* for appellants.
*Whitehurst & Frick, Elaine W. Whitehurst,* for appellees.