A92A0283. McDONALD v. GLYNN-BRUNSWICK MEMORIAL HOSPITAL.
(418 SE2d 393)

Sognier, Chief Judge.

Myrtle Lee McDonald brought suit against the Glynn-Brunswick Memorial Hospital Authority seeking damages for injuries inflicted on her by another patient while she was an inpatient at Glynn-Brunswick Memorial Hospital.[1] The case was tried before a jury, which returned a verdict in favor of the hospital authority, and this appeal ensued.

The evidence adduced at trial showed that a patient whose room was near appellant's became agitated during the night and began walking down the corridor. Hearing noise in the hall, appellant left her bed to investigate. As she was closing her door, the other patient suddenly pushed the door open, and the injury to appellant occurred when the door struck appellant's forehead.

In her sole enumeration of error, appellant contends the trial court erred by refusing to allow her witness Linda Ramsey, a former registered nurse, to testify regarding the standard of care for registered nurses. The trial court ruled that Ramsey was not competent to testify regarding the standard of care for nurses because she was not licensed either at the time of the incident or at the time of trial. " 'Whether a witness has such learning or experience in a particular art, science, or profession to be treated as an expert, or to be deemed prima facie an expert, is a matter addressed to the sound discretion of the trial court, and such discretion will not be disturbed unless manifestly abused. [Cit.]' [Cit.]" *Oak Ridge Village v. La Siesta Mobile Home Park*, 130 Ga. App. 539, 540 (1) (203 SE2d 748) (1974).

In *Goodman v. Lipman*, 197 Ga. App. 631-632 (1) (399 SE2d 255) (1990), a malpractice action, this court reversed a trial court's ruling refusing, as a matter of law, to allow a physician who was not yet licensed at the time of the alleged malpractice to testify regarding the standard of care required of physicians. This court remanded the case with direction that the trial court exercise its discretion before determining whether the witness could be qualified as an expert. The case sub judice is distinguished factually from *Goodman*, however, in several respects. In *Goodman* the trial court exercised no discretion but excluded the testimony solely on the ground that the witness was not a licensed physician at the time of the alleged malpractice. The physician, who was licensed at the time of trial, deposed that he was familiar with the requisite standard of care prevailing at the time of the alleged malpractice, and his affidavit and deposition testimony sup-

---

[1] McDonald died of unrelated causes during the course of the litigation, and the administrator of her estate was substituted as plaintiff.

ported this statement.

Although Ramsey, like the witness in *Goodman*, testified that she was familiar with the standard of care required in her profession, "[c]onclusory statements as to a witness' 'knowledge' or 'familiarity' in a particular art, skill or science are not probative in determining the witness' qualifications as an expert witness. Such determination must be based on evidence of the witness' education, training or experience in the pertinent field of study. [Cit.]" Id. at 632-633. In this case, the trial court recognized that there were certain medical matters as to which Ramsey would be competent to testify to by virtue of her training and experience even though unlicensed, but Ramsey's testimony did not support her profession of familiarity with the appropriate standard of care. Ramsey testified that she had left nursing and was currently employed as a realtor, had not been a licensed nurse on the date of the incident in question and at the time of trial had not been licensed as a nurse for eight years, and admitted that she did not know what the standard of care was on the date of the incident because it was possible that standard had changed since she was licensed. Given this testimony, we find no error in the trial court's exercise of its discretion to conclude that she was not competent to testify as to the standard of care for registered nurses on the date of the accident.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 13, 1992.

*John N. Crudup*, for appellant.
*Gilbert, Harrell, Gilbert, Sumerford & Martin, Wallace E. Harrell, Lisa S. Godbey*, for appellee.

