A92A2166. KENNEDY v. THE STATE.
(429 SE2d 167)

BIRDSONG, Presiding Judge.

Jared Mitchulon Kennedy appeals from the order of the trial court denying his motion for new trial. Appellant was convicted of violating the Georgia Controlled Substances Act, OCGA § 16-13-30, sale of cocaine. *Held*:

1. An agent of the GBI testified that, on October 8, 1991, she and a named confidential informant (CI) approached Dwight Winters and the CI inquired if Winters had any cocaine; Winters directed the agent to ride around the block. Upon returning, the agent observed appellant handing two small "rocks" of crack cocaine to a man named Lonnie Curtis who gave them to the agent. The agent and Curtis argued over price, and appellant offered to throw in an extra piece of cocaine. The GBI agent then purchased one of the two rocks of cocaine, plus the piece that appellant had handed her, for $20, tendering the money to Curtis. Appellant's pretrial statement was introduced in evidence wherein he admitted being a crack user, and that he sold only to support his habit and to pay some bills, but he denied any recollection of selling cocaine in October 1991, and before the month of November. Appellant admitted in open court that, on October 8, 1991, he was with Dwight Winters, that he saw both the GBI agent and the CI passing within arm's reach in a vehicle, that he made a casual remark to the GBI agent about her looks, that Lonnie Curtis was there too, and that when the vehicle returned a second time appellant saw someone approach it; however, appellant testified he and Winters were just walking around, that he was not selling any drugs, that he did not sell any drugs to this GBI agent, and that he did not have any cocaine on his person that night. The agent's testimony, regarding the sale of drugs to her by appellant and another man, was basically corroborated by the CI who is a deputy sheriff in Rhea County, Tennessee, and who was working as a member of a mini-drug task force.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737).

Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the drug offense of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant asserts that prejudicial error was committed when the State questioned appellant concerning the past sale of cocaine, as such questioning was irrelevant, immaterial, and it impermissibly brought appellant's character in issue. After appellant denied during cross-examination that he had testified (during direct examination) that he had never sold drugs, an objection was posed to the State's follow-up question whether appellant had "ever sold drugs." However, appellant simultaneously answered the follow-up question in the affirmative and his answer appears in the record. The trial court immediately sustained the objection, admonished the prosecutor for asking the question, and instructed the jury that "the question was improper; it's totally irrelevant and immaterial, and you shouldn't consider the fact that question was asked at all in reaching your verdict." Appellant made no objection thereafter as to the content or effectiveness of this curative instruction, nor did he make a motion for mistrial. We find no reversible error because of these distinct reasons:

(a) The curative instruction, when viewed in conjunction with the sequence in which the question, answer, and objection were tendered on the record, was adequate to preclude any harm or prejudicial impact flowing from either the question or appellant's response thereto. *Allen v. State*, 259 Ga. 303, 304 (2) (379 SE2d 513); *Sabel v. State*, 250 Ga. 640, 643 (5) (300 SE2d 663).

(b) Appellant neither objected to the effectiveness of the curative instruction nor thereafter requested a mistrial. "Trial courts have broad discretion in handling matters such as these and, here, the court granted the relief [appellant] requested. 'In no case will the trial judge's ruling be reversed for not going further than requested.'" *Lyon v. State*, 262 Ga. 247, 248 (3) (416 SE2d 523).

(c) Evidence of appellant's prior drug sales previously had been admitted before the jury, as such information was contained within appellant's pretrial statement. Assuming error occurred, as enumerated, it was harmless as the stricken question and answer were merely cumulative in nature. "[E]vidence is harmless where admissible evidence of the same fact is before the jury." *Young v. State*, 191 Ga. App. 651, 653 (2) (382 SE2d 642); compare *Gaither v. State*, 259 Ga. 200 (2) (378 SE2d 464); see also *Sabel*, supra.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 12, 1993.

*J. Terry Brumlow*, for appellant.

Darrell E. Wilson, District Attorney, Rebecca B. Tierce, Assistant District Attorney, for appellee.