## A93A1739. SMITH v. THE STATE.
(436 SE2d 562)

BIRDSONG, Presiding Judge.

Donald L. Smith appeals his judgment of conviction and the sentence of simple possession of marijuana and driving while his license was suspended. He enumerates four errors. *Held:*

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant posed a hearsay objection to the arresting officer's testimony that: "I pulled the vehicle over that [the complainants] had instructed me was trying to run them off the road." The trial court overruled the objection, admitted the testimony, and immediately gave the jury a limiting instruction; the limiting instruction repeatedly instructed the jury that the testimony was not being admitted for the truth of the contents thereof but only to explain the officer's actions as a result of receiving such communication. Appellant took no exception to the limiting instruction, nor requested additional limiting or curative instructions be given. Further, appellant did not move for a mistrial either before or after the limiting instruction. "When an appellant could have tendered a timely motion for mistrial or requested [additional limiting or curative] instruction but declined to do so, we generally will not grant more appellate relief than that actually prayed for at trial." *Harris v. State*, 202 Ga. App. 618, 620 (3a) (414 SE2d 919); accord *Kennedy v. State*, 207 Ga. App. 798, 799 (2b) (429 SE2d 167), citing *Lyon v. State*, 262 Ga. 247, 248 (3) (416 SE2d 523); compare *Sanford v. State*, 261 Ga. 556 (2c) (408 SE2d 110). Appellant cannot complain of the trial court's procedure in merely giving a limiting instruction when, as here, his own trial tactics procured or aided in causing such disposition. See *Williams v. State*, 205 Ga. App. 445, 446 (2) (422 SE2d 309).

Additionally, assuming without deciding that this testimony was not admissible under OCGA § 24-3-2 to explain the conduct of the officer in making a traffic stop of appellant's vehicle, we find that in view of the limiting instruction given and applying the "high probability test" of *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869), any such error was harmless. Compare *Teague v. State*, 252 Ga. 534 (314 SE2d 910) with *Sanders v. State*, 204 Ga. App. 545, 549 (5) (419 SE2d 759). Appellant's first enumeration of error is without merit.

3. To qualify an expert witness, nothing more is generally required than a showing that the witness has been educated in a particular trade or profession; such special knowledge may be derived from experience as well as study. *Robinson v. State*, 203 Ga. App. 759, 761 (5) (417 SE2d 404). It lies in the trial court's sound discretion to decide " ' "[w]hether a witness has such learning or experience in a particular art, science, or profession to be treated as an expert, or to be deemed prima facie an expert" ' "; the exercise of this discretion will not be disturbed unless manifestly abused. *McDonald v. Glynn-Brunswick Memorial Hosp.*, 204 Ga. App. 7 (418 SE2d 393); see *Hall v. State*, 204 Ga. App. 469, 472 (3) (419 SE2d 503). Formal education in the particular subject is not a prerequisite for expert status. *Taylor v. State*, 261 Ga. 287, 290 (404 SE2d 255). An expert is one whose habits and profession endow him or her with a particular skill in forming an opinion on the subject matter in inquiry. *Sales v. State*, 199 Ga. App. 791 (1) (406 SE2d 131). The witness had been certified as a police officer for about two-and-one-half years; he had several police training courses, including successful completion of a forty-hour course in drug identification of which sixteen hours were devoted to teaching the students how to use the Duquenois-Levine test, the fast blue B reagent test, and the microscope test for drugs. He obtained a co-diploma for the 16-hour sub-course after having tested various marijuana samples and false samples with 100 percent accuracy. He has used those tests about 30 times; sending samples to the crime lab in 22 of those cases. In each instance, the crime lab concluded the samples were "positive." The witness previously has testified as an expert on about five prior occasions in municipal court. As there exists evidence to support the trial court's qualification of the witness as an expert in drug (marijuana) identification, we find no manifest abuse of discretion. Compare *Millwood v. State*, 166 Ga. App. 292, 293 (3) (304 SE2d 103) and *Cooksey v. State*, 149 Ga. App. 572, 573 (3) (254 SE2d 892). Appellant's second enumeration of error is without merit.

4. Appellant contends the trial court erred in charging actual and joint possession, as no evidence was presented that would support any such charge.

Marijuana was found in appellant's vehicle; appellant was alone in the car at the time. Appellant testified as to other persons who had access to his vehicle prior to the seizure of the vehicle. He also asserted that the jacket containing marijuana, which was found on the passenger side, front seat of his car, belonged to his girl friend; there was women's jewelry in one of the jacket pockets. A drink caddy and the burgundy box containing marijuana roaches were found on the transmission hump in the console area between the driver's and front passenger's seat. This marijuana was within appellant's immediate ac-

cess. The jacket was found on the front seat of the car.

(a) Appellant's contention that because he was alone at the time of his arrest this would tend to preclude any conclusion that possession could have been joint with others, is without merit. " ' "If two or more persons shared actual or constructive possession of a thing, possession is joint." ' " *McLeod v. State*, 170 Ga. App. 415, 417 (3) (317 SE2d 253). " 'Possession can be proven by circumstantial as well as direct evidence.' [Cit.] All of the competent evidence adduced at trial, which was admissible against appellant, may be considered to show his constructive or joint possession." *Barnett v. State*, 204 Ga. App. 491, 495 (2a) (420 SE2d 43). Although denying knowledge of the marijuana, appellant testified that the jacket found in his car (which contained drugs and women's jewelry) had been in his car three or four days and had been worn by his girl friend just the day before. But appellant previously testified that his girl friend had been in possession of a coat earlier that evening; it had been in her car.

Appellant also testified that, although no one had driven the car that day, he had been in possession of it. He had probably been in the car about 15 minutes that day to drop off a friend.

We conclude that circumstantial evidence of record existed raising a jury issue whether appellant and his girl friend shared in the possession of the contraband; the existence of this evidence supported the court's charge on joint possession.

(b) Appellant contends that a charge on actual possession gave rise to reversible error, because at most his possession of the marijuana could have been constructive only. We disagree. A jury issue existed as to whether possession was actual or constructive. *Alvarado v. State*, 194 Ga. App. 781 (391 SE2d 668), aff'd 260 Ga. 563 (397 SE2d 550); compare *Sanders v. State*, 199 Ga. App. 671, 672 (2) (405 SE2d 727) with *Farmer v. State*, 188 Ga. App. 375 (373 SE2d 68).

Additionally, as appellant does not argue or cite authority to establish that possession could not have been constructive in this case, this particular issue is abandoned on appeal. Court of Appeals Rule 15 (c) (2).

Appellant's third enumeration of error is without merit.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED OCTOBER 5, 1993.

*D. Todd Wooten*, for appellant.
*Kenneth W. Mauldin, Solicitor*, for appellee.