## A99A1419. CARLSON v. THE STATE.
### (524 SE2d 283)

SMITH, Judge.

Gary Carlson was convicted of the offense of misdemeanor possession of marijuana. After the denial of his motion for new trial, Carlson filed this appeal to challenge two evidentiary rulings by the trial court and the court's refusal to give two requested jury instructions.

When viewed in a light most favorable to the verdict, the evidence showed the following. While on bicycle patrol, Officer David Meadow observed Carlson and another person behind some bushes bordering a bank parking lot and near an automatic teller machine. As Officer Meadow immediately moved closer to investigate, he saw Carlson thrust his right hand into his trouser pocket. When Officer Meadow asked Carlson to remove his hand, he noticed a clear plastic sandwich bag protruding from the pocket. The bag appeared to contain marijuana. Although Carlson then shoved the bag back down into his pocket, he was placed under arrest for violating the Georgia Controlled Substances Act.

The trial court refused to qualify defense witness Alan Gordon, a self-described "marijuana specialist," as an expert but did allow Gordon to testify. According to Gordon, because he personally suffers from a genetic condition that causes anxiety and impairs his immune system, he regularly uses marijuana for its medicinal benefits. Gordon testified that his use of marijuana improved the functioning of his immune system.

Carlson admitted to possessing the marijuana in question, but claimed that smoking marijuana enhanced his physical state. Carlson testified that he suffers from a muscular problem in his throat, stomach, and esophagus for which marijuana provides more effective treatment than prescription drugs. Carlson admitted, however, that the marijuana at issue had not been prescribed by a doctor. Nor did Carlson offer any competent medical evidence as to his alleged medical condition, what drugs had lawfully been prescribed for him, or how those drugs had affected his condition.

1. Carlson contends that the trial court erred by refusing to allow his defense witness to be qualified as an expert concerning the therapeutic and medicinal effects of marijuana.

The qualification of a witness as an expert lies entirely within the sound discretion of the trial court, and the exercise of such discretion will not be disturbed absent a showing of abuse. *Thomas v. State*, 239 Ga. 734, 736 (4) (238 SE2d 888) (1977). Whether a witness has such learning and experience in a particular science or profession as would support the claimed expertise is for the court to decide. *Barrow v. State*, 235 Ga. 635, 639 (5) (221 SE2d 416) (1975). A witness's mere

assertion of his own expertise in a particular field is not enough. *Goodman v. Lipman*, 197 Ga. App. 631, 632-633 (2) (399 SE2d 255) (1990). Such determinations must be based on evidence of the witness's education, training, or experience in the pertinent field of study. Id. at 633.

Gordon, the founder and executive director of the Drug History Institute, was asked on voir dire about his self-proclaimed expertise concerning marijuana. Gordon claimed he knew about marijuana's therapeutic and medicinal benefits from having "been an avid user for more than a decade," from being "deeply immersed in the underground culture," and from having studied the drug. Gordon admitted that he had not conducted any scientific or laboratory research or published any scholarly articles other than one "self-published work" on the Internet. Nor had Gordon earned any academic degree beyond the bachelor's level. In these circumstances, Carlson failed to show that the trial court abused its discretion in declining to deem Gordon an expert "as to the effects of marijuana on the body." *Thomas*, 239 Ga. at 736 (4); *Dept. of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710, 712 (1) (225 SE2d 80) (1976) (whether a witness is qualified to testify as an expert is a legal question for the court).

2. Carlson asserts that the trial court's exclusion of his expert's testimony about the beneficial use of marijuana for certain physical ailments precluded him from adequately presenting his sole defense of justification.

Gordon was permitted to testify on the basis of his personal knowledge about how using marijuana had alleviated his own anxiety problems and enhanced his immune system. But no evidence indicated that Gordon had any firsthand knowledge about Carlson's alleged medical condition or any possible treatment for it. Even had Gordon been qualified as an expert, when an expert's opinion is based solely on out-of-court hearsay not subject to any exception to the hearsay rule, that testimony is inadmissible. *McEver v. Worrell Enterprises*, 223 Ga. App. 627, 631 (2) (478 SE2d 445) (1996).

3. In two enumerations of error, Carlson contends that the court erred in refusing to give the jury charges he requested on the defense of justification and the definition of an affirmative defense. We disagree.

A request to charge must be legal, apt, precisely adjusted to some principle of law in the case, and authorized by the evidence. *Westinghouse Elec. Corp. v. Rider*, 168 Ga. App. 136, 138 (2) (308 SE2d 378) (1983). Because charges must be adjusted to the facts and the law, if any portion of a requested charge is confusing, misleading or an incorrect statement of the law, the trial court may properly refuse to give the charge. *Jones v. State*, 200 Ga. App. 519, 521 (2) (c) (408 SE2d 823) (1991).

Affirmative defenses are those in which the defendant admits doing the act charged but seeks to justify, excuse, or mitigate his conduct. *Hightower v. State*, 224 Ga. App. 703, 704 (2) (481 SE2d 867) (1997). Under OCGA § 16-3-20, the defense of justification applies only in the particular situations delineated by the legislature or when such defense can "stand upon the same footing of reason and justice as those enumerated in this article." OCGA § 16-3-20 (6). See *Hightower*, supra.

Here, Carlson sought the following instruction on justification: "I charge you that if you find the defendant's conduct was justified, this is a defense to prosecution for any crime based on that conduct." After noting that no evidence had been offered to show that Carlson was in lawful possession of the marijuana, the trial court refused to give this instruction.

Plainly, Carlson lacked any recognized legal basis that would excuse his conduct. Although the legislature has authorized certain qualified physicians under the supervision of the State Board of Medical Examiners to provide marijuana on a compassionate basis to "[c]ancer patients involved in a life-threatening situation in which treatment by chemotherapy or radiology has produced severe side effects," or to "[g]laucoma patients who are not responding to conventional controlled substances," Carlson did not assert that his drug use fit within either exception. OCGA § 43-34-123 (b) (1), (2); see also OCGA § 43-34-121 (e). Nor did Carlson claim he was a patient participant in a designated program and thereby entitled to immunity from prosecution under OCGA § 43-34-126.

In seeking this charge, Carlson was effectively attempting to supplant the legislature's decision not to establish an exception to the crime of possession of marijuana when the marijuana is purportedly being used for medicinal purposes but has not been prescribed by an authorized physician for one of the permitted therapeutic uses. See *Blincoe v. State*, 231 Ga. 886, 889 (4) (204 SE2d 597) (1974) (under its police power, the State has the right to determine which harmful substances are illegal to possess). The requested instruction could have misled the jury into believing that it could acquit Carlson if it found that Carlson's conduct was justified because he thought that he derived some benefit from using the marijuana, notwithstanding the apparent illegality of possessing it. See *Love v. State*, 271 Ga. 398, 402 (3) (517 SE2d 53) (1999); *Hill v. State*, 259 Ga. 557, 558 (3) (b) (385 SE2d 404) (1989) (when the charge being sought is not required by the evidence, it is properly refused). Since the requested instruction on justification was properly denied, a charge defining an affirmative defense would not have been properly adjusted to the evidence or law. *Jones*, supra.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 1, 1999.

*Christine E. Robbins,* for appellant.

*Kenneth W. Mauldin, Solicitor, Phillip C. Griffeth, Karl D. Cooke, Jr., Assistant Solicitors,* for appellee.