**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 14, 2015**

# In the Court of Appeals of Georgia

A15A0645. SAFARI et al. v. RES-MS BAYFRONT, LLC et al.

BRANCH, Judge.

Two LLCs — RES-MS Bayfront, LLC, and RES-GA Bay Saint Louis, LLC, — that had outstanding judgments against Michael and Donna Safari filed suit against the Safaris and two Safari related entities, seeking to set aside six allegedly fraudulent property transfers. The trial court granted summary judgment in favor of the LLCs and denied the defendants' cross motion. As a part of its decision, the trial court excluded Michael Safari's testimony regarding the value of the properties on the ground that the defendants failed to timely identify him as an expert witness. Because we find that the trial court erred by excluding Safari's testimony, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We

review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

The undisputed facts show that on September 5, 2013, based on a March 2006 promissory note and related guarantees, RES-MS obtained a judgment against the Safaris and others in an amount in excess of $3 million. And on December 23, 2013, based on a November 2006 promissory note and related guarantees, RES-GA obtained a judgment against Michael Safari and others in an amount in excess of $11.0 million. Several months before these two judgments, RES-MS and RES-GA filed the present action seeking to set aside six property transfers[1] by the Safaris alleged to be fraudulent under the terms of the Georgia Uniform Fraudulent Transfer Act. OCGA § 18-2-70 et seq. (the "Act").

On September 26, 2013, the trial court entered a scheduling order providing that discovery would end January 15, 2014, and directing that the defendants identify expert witnesses by a certain date:

---

[1] The alleged fraudulent transfers involved the following properties: (1) 1811 Ballybunion Drive, Duluth, Georgia; (2) 1176-1182 Old Roswell Road, Alpharetta, Georgia; (3) 1168-1174 Old Roswell Road, Alpharetta, Georgia; (4) 6183 Ellis Street, Douglasville, Georgia; (5) 2150 Memorial Drive SE, Atlanta, Georgia; and (6) a Florida condominium.

Disclosure of the names and opinions of the Defendant[s'] (whether in the case-in-chief, in counterclaim, in cross-claim, or in rebuttal) expert witnesses, if any, must be made no later than December 16, 2013. The disclosure shall include the names, subject matters, substance of facts and opinions, and a summary of the grounds for each opinion with respect to which any expert is expected to testify at trial on issues to which the party bears the burden of proof.

The scheduling order did not demand the identification of any other witnesses. It appears from the record that the defendants did not identify any expert witnesses by the deadline.

Following discovery, the parties filed cross-motions for summary judgment, and on June 20, 2014, the trial court entered an order granting the plaintiffs' motion and denying the Safaris'. In its order, the court addressed, among other things, the Safaris' defense that the properties could not be considered "assets" subject to the Act because they were fully encumbered by debt and the Act only governs the transfer of assets to the extent they are not encumbered. See OCGA §§ 18-2-71 (2) (A) (assets do not include "[p]roperty *to the extent it is encumbered* by a valid lien.") (emphasis supplied); 18-2-71 (12) ("'[t]ransfer' means every mode . . . of disposing of or parting with an asset . . ."); *Target Corp. v. Amerson*, 326 Ga. App. 734, 740, (1) (d), n. 22 (755 SE2d 333) (2014) (where the fair-market value of the property is less than the

encumbrances on the property, the property is not considered an asset under the Act). The court then analyzed the value of the six properties and found that each had more value than its associated indebtedness and that therefore "the properties in question are 'assets' as that term is defined in the Act." In addressing that question, however, the trial court excluded any testimony by Michael Safari as to the value of the six properties on the ground that the defendants had failed to identify him as an expert witness by the deadline given in the scheduling order. The court went on to find undisputed evidence to support the plaintiffs' claim that the properties were fraudulently transferred. Accordingly, the trial court granted summary judgment in favor of RES-MS and RES-GA on their claims of fraudulent transfer of the six properties.

The appellants contend the trial court erred by excluding Safari's testimony. We agree. Although trial courts have broad discretion to control discovery, the trial court's decision to exclude Safari's testimony was erroneous as a matter of law. Georgia law provides that non-experts may testify as to value:

> Direct testimony as to market value is in the nature of opinion evidence. A witness need not be an expert or dealer in an article or property to testify as to its value if he or she has had an opportunity to form a reasoned opinion.

4

OCGA § 24-7-701 (b). The Code section expressly provides that the witness "need not be an expert" to so testify. Id. Michael Safari therefore was authorized to testify as to the value of the six properties without being an expert. It follows that the trial court's scheduling order requiring the defendants to identify expert witnesses by a certain date cannot be construed as requiring the defendants to identify Michael Safari as an expert witness. The trial court therefore erred as a matter of law by excluding Safari's testimony for that reason. The case of *Goodman v. Lipman*, 197 Ga. App. 631, 632 (399 SE2d 255) (1990), cited by the LLCs, is not on point in that it concerned the question of whether an alleged expert was properly qualified. Further, in *Goodman* this Court reversed a trial court's disqualification of an expert because the trial court based its decision on a ground not supported by law. Id.

The LLCs counter that even if the trial court so erred, the exclusion of the testimony is not reversible error. They argue that Safari's testimony is conclusory and self-serving. We disagree. First, the trial court made no such finding. Second, Michael Safari tendered an affidavit and was deposed. In his deposition, he testified as to the value of the Ballybunion property based on tax appraisals and recent sales that he had seen. In his affidavit, he opined as to the fair market value of five of the properties at different relevant points in time based on a "thorough knowledge of sales in the area,

5

having experience in buying and selling real estate, and reviewing the tax valuations for [the property]." Thus, Safari showed that he had an "opportunity to form a reasoned opinion" as required by OCGA § 24-7-701 (b). Cf. *Maree v. ROMAR Joint Venture*, 329 Ga. App. 282, 295 (6) (a) (763 SE2d 899) (2014) (witness's testimony that she based her opinion as to value on "rental rates in the area, information from appraisals, and (her) knowledge of the commercial real estate market in the area," was sufficient to show that she had an opportunity to form a correct opinion as to value, the standard under the law prior to the effective date of the new Evidence Code — July 1, 2013)[2]; *In re Estate of Hubert*, 325 Ga. App. 276, 286 (6) (750 SE2d 511) (2013) (testimony that witness "was familiar with the properties at issue, in which he had an ownership interest, and that he also was familiar with comparable properties, which he had considered in reaching his opinion" provided a sufficient foundation under former law).

---

[2] Former OCGA § 24-9-66 provided: "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article in question but may testify to its value if he has had an opportunity for forming a correct opinion."

Because the critical issue below concerned the value of the properties, and because evidence regarding that value was improperly excluded, we reverse the grant of summary judgment in favor of the LLCs.

*Judgment reversed. Andrews, P. J., and Miller, J., concur*.