# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**L.S.,**
**Respondent Below, Petitioner**

**vs) No. 17-0069** (Randolph County 16-DV-235)

**O.F.,**
**Petitioner Below, Respondent**

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner L.S., by counsel Phillip S. Isner and David C. Fuellhart III, appeals the Circuit Court of Randolph County's December 21, 2016, order denying his appeal of a domestic violence protective order.[1] The guardian ad litem, Heather M. Weese, filed a response on behalf of respondent O.F. in support of the circuit court's order. On appeal, petitioner contends that the circuit court erred in denying his appeal of the family court order granting a domestic violence protective order because the family court denied him procedural due process.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 28, 2016, the magistrate court entered an emergency domestic violence protective order ("DVPO") against petitioner and for respondent's protection.[2] On December 5, 2016, the family court held a hearing and entered a DVPO against petitioner. Petitioner appealed the family court's order to the circuit court. At the December 12, 2016, hearing on this appeal, petitioner testified that he disputes any allegations of abuse or harassment, but that he was unable to dispute those allegations before the family court. Petitioner testified that he received notice of the hearing date and time before the family court, but due to his mistaken belief as to the time of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The appendix record submitted for this Court's review contains primarily procedural information and little factual information. Accordingly, the facts underlying the grant of the DVPO are unavailable.

1

the hearing, he did not appear on time and the hearing had concluded by the time he appeared. Finding that petitioner failed to demonstrate error in the family court's ruling, the circuit court denied petitioner's appeal on December 21, 2016. It is from this order that petitioner appeals.

We apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W.Va. Ethics Comm'n*, 201 W.Va. 108, 429 S.E.2d 167 (1997).

On appeal, petitioner argues that he was denied procedural due process as a result of the family court's failure to "conduct a new hearing wherein the [p]etitioner could be present." Petitioner contends that holding the hearing in his absence denied him a meaningful opportunity to be heard. Petitioner's argument, however, ignores the fact that he was served with notice of his hearing and had the opportunity to be heard on the date and time provided in the notice. "The fundamental requirement of procedural due process in a civil proceeding is 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *In re J.S.*, 233 W.Va. 394, 402, 758 S.E.2d 747, 755 (2014) (citation omitted). Due to his own mistake concerning the time of the hearing, petitioner arrived after the hearing had already concluded. Petitioner cites no law in support of his argument that the family court should have attempted to contact him or wait for him to arrive. Accordingly, we find no error in the circuit court's decision denying petitioner's appeal of the DVPO.

For the foregoing reasons, we affirm the circuit court's December 21, 2016, order denying petitioner's appeal of the domestic violence protective order.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker